IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LYNN ZWYGART,

               Plaintiff,

vs.                                            Case No. 13-1265-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

               Defendant.

MEMORANDUM AND ORDER

    This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

    The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On June 26, 2012, administrative law judge (ALJ) Christina Young Mein issued her decision (R. at 14-21). Plaintiff alleges that he had been disabled since May 5, 2003 (R. at 14). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 16). At

step two, the ALJ found that plaintiff had the following severe impairments:  obesity, sleep apnea, diabetes, aortic valve replacement in 2001 and gout (R. at 16).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 17).  After determining plaintiff's RFC (R. at 17), the ALJ determined at step four that plaintiff is unable to perform past relevant work (R. at 19).  At step five, the ALJ found that plaintiff could perform work that exists in significant numbers in the national economy (R. at 19-20).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 20-21).

**III.  Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530

n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See <u>Southard v. Barnhart</u>, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  <u>Spicer v. Barnhart</u>, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  <u>Cruse v. U.S. Dept. of Health & Human Services</u>, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.  <u>Brown v. Commissioner of the Social Security Administration</u>, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

   The ALJ found that plaintiff is limited to sedentary work, except that the plaintiff cannot climb ladders, ropes or

scaffolds. He can frequently balance. He can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. He needs to avoid concentrated exposure to extreme cold, extreme heat, pulmonary irritants (such as fumes, dusts, and poorly ventilated areas), unprotected heights, and hazardous machinery (R. at 17).

The record contains a physical RFC assessment by Dr. Colmey, a non-examining physician. Dr. Colmey's opinions match those of the ALJ in her RFC findings (R. at 619-624).[1] However, the ALJ never mentioned the opinions of Dr. Colmey, and never explained why he made RFC findings that match the opinions of Dr. Colmey.

The record also contains a physical RFC assessment by Dr. Harris (R. at 675-676). The ALJ gave it "little" weight because, according to the ALJ, her opinions were inconsistent with the evidence and treatment records. The ALJ noted that plaintiff had been stable with yearly exams and that his most current ejection fraction testing was well within the normal range (R. at 19).

The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and

---

[1] On July 14, 2011, Dr. Coleman affirmed the RFC findings of Dr. Colmey (R. at 653).

never examine the claimant.  The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). When a treating source opinion is inconsistent with the other medical evidence, the ALJ's task is to examine the other medical source's reports to see if they outweigh the treating source's reports, not the other way around.  Treating source opinions are given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations.  If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources.  Robinson, 366 F.3d at 1084.

   A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.

Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). A treating source opinion not entitled to controlling weight is still entitled to deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

After considering the above factors, the ALJ must give good reasons in his/her decision for the weight he/she ultimately assigns the opinion. If the ALJ rejects the opinion completely, he/she must then give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

It is not clear from the record whether Dr. Harris was a treating or an examining physician. Plaintiff's brief asserts

that Dr. Harris was an examining physician. Defendant's brief asserts that there is no evidence that Dr. Harris actually examined the plaintiff. The form filled out by Dr. Harris would indicate that she is a treating physician (R. at 675). However, the nature and extent of that treatment, if any, is not clear from the record. The ALJ failed to identify the status of Dr. Harris in her decision. The ALJ should have ascertained the status of Dr. Harris in order to determine the relative weight that should have been accorded to her opinions.

The ALJ also stated that the opinions of Dr. Harris were inconsistent with the evidence and the treatment records, specifically mentioning that she was stable and that the most current ejection fraction testing was well within the normal range.[2] However, the ALJ failed to explain how this evidence does not support the opinions of Dr. Harris, and the ALJ failed to cite to any medical opinions indicating that these findings do not support the opinions of Dr. Harris.[3] The fact that someone is stable does not address the severity of one's

---

[2] Defendant, in his brief, advanced other arguments for discounting the opinions of Dr. Harris (Doc. 18 at 11). However, these arguments, and the evidence cited by defendant in support of these arguments, were not mentioned by the ALJ as a basis for discounting the opinions of Dr. Harris. An ALJ's decision should be evaluated based solely on the reasons stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

[3] Dr. Colmey, in his RFC assessment, failed to mention either factor in his narrative discussion.

impairments.  The ALJ fails to cite to anything in the record regarding the significance, if any, of the fact that ejection fraction testing is within a normal range.  The adjudicator is not free to substitute his own medical opinion for that of a medical source.  <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1221 (10th Cir. 2004).  An ALJ is not entitled to sua sponte render a medical judgment without some type of support for his determination.  The ALJ's duty is to weigh conflicting evidence and make disability determinations; he is not in a position to render a medical judgment.  <u>Bolan v. Barnhart</u>, 212 F. Supp.2d 1248, 1262 (D. Kan. 2002).  In the absence of any medical opinion or other evidence indicating that the findings noted by the ALJ are inconsistent with the opinions of Dr. Harris, the ALJ overstepped his bounds into the province of medicine.  <u>Miller v. Chater</u>, 99 F.3d 972, 977 (10th Cir. 1996).

As noted above, an ALJ must evaluate every medical opinion in the record.  The ALJ clearly failed to discuss the opinions of Dr. Colmey and Dr. Coleman, even though it appears that she may have given great weight to their opinions since her RFC findings match the opinions of Dr. Colmey and Dr. Coleman.

The ALJ also failed to explain why she was giving greater weight to the opinions of Dr. Colmey and Dr. Coleman as compared to the opinions of Dr. Harris.  When there are conflicting medical opinions, the ALJ must explain the basis for adopting

11

one and rejecting another.  Quintero v. Colvin, 2014 WL 2523705 at *4 (10th Cir. June 5, 2014); Reveteriano v. Astrue, 490 Fed. Appx. 945, 947 (10th Cir. July 27, 2012).  The ALJ clearly erred by failing to even mention the opinions of Dr. Colmey and Dr. Coleman, and by failing to explain why she apparently was giving greater weight to their opinions as compared to the opinions of Dr. Harris.  This error is compounded by the failure to ascertain whether Dr. Harris was a treating or examining source, and the ALJ's failure to provide a legally sufficient rationale for discounting the opinions of Dr. Harris, as noted above.  In light of these errors, the court finds that substantial evidence does not support the ALJ's RFC findings.

The ALJ did cite to evidence in the record stating that plaintiffs "Hauls away unwanted items" (R. at 420) and that plaintiff "Farms" (R. at 630) and contends that this evidence implies that plaintiff could perform more than sedentary work (R. at 19).  However, neither piece of evidence indicates the nature or extent of such work, and clearly do not demonstrate an ability to engage in sedentary work or more than sedentary work for 8 hours a day, 5 days a week.  Furthermore, the ALJ had previously found that plaintiff had not engaged in substantial gainful activity since May 5, 2003, and that he had one unsuccessful work attempt in which the employer indicated that plaintiff had problems completing his work (R. at 16).

**IV. Did the ALJ err in his credibility analysis?**

Plaintiff also argues that the ALJ erred in his credibility analysis. The court will not address this issue in detail because it may be affected by the ALJ's resolution of the case on remand after the ALJ further considers the medical source opinion evidence and makes new RFC findings, as set forth above. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 19th day of August 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge